[Crim. No. 23762. First Dist., Div. Five. Sept. 15, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
CURTIS DALE ESTES, Defendant and Appellant.

24

**COUNSEL**

Frank Offen, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Ann K. Jensen, Morris Lenk and Stan M. Helfman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**LOW, P. J.**—In this case we affirm a robbery conviction for the taking of personal property owned by Sears, Roebuck & Company in the immediate

presence of a security guard, using force and fear to complete the taking. Defendant Curtis Estes appeals from a judgment entered after a jury found him guilty of robbery (Pen. Code, § 211) by personal use of a deadly weapon (Pen. Code, § 12022, subd. (b)) and petty theft (Pen. Code, § 484) arising out of the theft of merchandise from a Sears department store. Defendant entered the Sears store in Larwin Plaza, Vallejo, wearing only jeans and a T-shirt and was observed by Carl Tatem, a security guard employed by Sears. Tatem next saw defendant wearing a corduroy coat of the type sold by Sears, and watched him remove a down-filled vest from a rack, take off the coat, put on the vest, then the coat, and leave the store without paying for the items. Tatem followed defendant outside the store, identified himself, and confronted him about the coat and vest in the parking lot about five feet from the store. Defendant refused to accompany Tatem to the store and began to walk away. As Tatem attempted to detain him, defendant pulled out a knife, swung it at Tatem, and threatened to kill Tatem. Tatem, who was unarmed, returned to the store for help.

Shortly thereafter, Tatem returned to the parking lot with Mel Roberts, the Sears security manager. Tatem and Roberts confronted defendant and again asked him to accompany them back to the store. Defendant still clutched the knife in his hand. After some time, defendant returned to the store with Tatem and Roberts, but denied using the knife and denied stealing the coat and vest. At the trial, defendant admitted stealing the coat and vest from the store, but again denied using force or fear against the security guard, or any other person.

■ Defendant argues that the property was not taken from a person since the security guard did not have the authority or control over the property. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by force or fear." (Pen. Code, § 211.)

■ It is not necessary that the victim of the robbery also be the owner of the goods taken. Robbery is an offense against the person who has either actual or constructive possession over the goods. (*People* v. *Gordon* (1982) 136 Cal.App.3d 519, 528-529 [186 Cal.Rptr. 373].) Thus, a store employee may be a victim of robbery even though he does not own the property taken and is not in charge or in immediate control of the property at the time of the crime. (See *People* v. *Miller* (1977) 18 Cal.3d 873, 880 [135 Cal.Rptr. 654, 558 P.2d 552]; *People* v. *Johnson* (1974) 38 Cal.App.3d 1, 9 [112 Cal.Rptr. 834].) Nor is it a defense that the victim was a visitor to a store and was not the true owner of money or property taken (*People* v. *Moore* (1970) 4 Cal.App.3d 668 [84 Cal.Rptr. 771]). Furthermore, a person may be convicted of robbing a janitor or night watchman by taking the employ-

er's property. (*People* v. *Downs* (1952) 114 Cal.App.2d 758, 765-766 [251 P.2d 369] and *People* v. *Dean* (1924) 66 Cal.App. 602, 607 [226 P. 943].)

Defendant attempts to distinguish these cases on the grounds that these victims were the only persons present at the times of robbery, and, accordingly, were the only persons who had constructive possession from which the personal property could be taken. Defendant reasons that in this case the store manager and sales clerks were the only ones with responsibility over the goods and, thus, they and not the guard, Tatem, could be the only victims.

■ The victim was employed by Sears to prevent thefts of merchandise. As the agent of the owner and a person directly responsible for the security of the items, Tatem was in constructive possession of the merchandise to the same degree as a salesperson. (See *People* v. *Gordon, supra,* 136 Cal.App.3d at p. 529, and cases cited therein.) Because there were other people present in the store who also had constructive possession of the personal property is not dispositive, since more than one person may constructively possess personal property at the same time and be a victim of the same offender. (See *People* v. *Miller, supra,* 18 Cal.3d at p. 881 [security guard was potential robbery victim in addition to sales clerk].)

Defendant further alleges that the merchandise was not taken from the "immediate presence" of the security guard. The evidence establishes that appellant forceably resisted the security guard's efforts to retake the property and used that force to remove the items from the guard's immediate presence. By preventing the guard from regaining control over the merchandise, defendant is held to have taken the property as if the guard had actual possession of the goods in the first instance. (See *People* v. *Anderson* (1966) 64 Cal.2d 633 [51 Cal.Rptr. 238, 414 P.2d 366].)

In *Anderson,* defendant entered a pawn shop and, posing as a customer, asked the salesman to show him a shotgun and shells. The salesman complied. No force was used at this point. Defendant took the shotgun, loaded it, and robbed the salesman at gunpoint. (*Id.,* at pp. 635-636.) The court rejected the contention that there was no robbery since defendant obtained possession of the merchandise without force or fear. ■ A robbery is not completed at the moment the robber obtains possession of the stolen property. The crime of robbery includes the element of asportation, the robber's escape with the loot being considered as important in the commission of the crime as gaining possession of the property. Here, as in *Anderson,* a robbery occurs when defendant uses force or fear in resisting attempts to regain the property or in attempting to remove the property from the owner's

immediate presence regardless of the means by which defendant originally acquired the property.

■ Defendant further claims that the robbery verdict cannot stand since his assaultive behavior was not contemporaneous with the taking of the merchandise from the store. Defendant maintains that he was, at most, guilty of petty theft and a subsequent assault. Appellant's theory is contrary to the law. The crime of robbery is a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety. It is sufficient to support the conviction that appellant used force to prevent the guard from retaking the property and to facilitate his escape. The crime is not divisible into a series of separate acts. Defendant's guilt is not to be weighed at each step of the robbery as it unfolds. The events constituting the crime of robbery, although they may extend over large distances and take some time to complete, are linked by a single-mindedness of purpose. (See *People* v. *Laursen* (1972) 8 Cal.3d 192, 199-200 [104 Cal.Rptr. 425, 501 P.2d 1145].) Whether defendant used force to gain original possession of the property or to resist attempts to retake the stolen property, force was applied against the guard in furtherance of the robbery and can properly be used to sustain the conviction.

A similar result was reached in *People* v. *Kent* (1981) 125 Cal.App.3d 207 [178 Cal.Rptr. 28]. There defendant used a ruse to enter the victim's house. While defendant was alone in the kitchen he took cash from the victim's purse. A short time later, the victim discovered the money was missing and confronted defendant. At that point defendant struck the victim, brandished a knife and demanded more money. Defendant left the premises without obtaining additional cash. His conviction of robbery was affirmed. The court rejected defendant's contention "that the jury could have reasonably concluded that the taking of the money constituted a mere larceny and that the application of force or fear occurred after the larceny was completed." (*Id.*, at pp. 213-214, fn. 6.)

■ Finally, theft is a lesser included offense within robbery, and defendant could not be convicted of both petty theft and robbery. (*People* v. *Covington* (1934) 1 Cal.2d 316, 321 [34 P.2d 1019]; cf. *People* v. *Guerin* (1972) 22 Cal.App.3d 775, 781-782 [99 Cal.Rptr. 573].) ■ A defendant cannot be convicted both of the greater offense and the lesser included offense. (*People* v. *Bauer* (1969) 1 Cal.3d 368, 375 [82 Cal.Rptr. 357, 461 P.2d 637, 37 A.L.R.3d 1398]; *People* v. *Sutton* (1973) 35 Cal.App.3d 264, 270-271 [110 Cal.Rptr. 635].) Where there is sufficient evidence to sustain the conviction of the greater offense, the conviction of the lesser offense must be reversed. (*People* v. *Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763].)

Here, the jury convicted defendant of both the robbery of the security guard, Tatem, and the petty theft from the Sears store. The theft of the property from Tatem was also a theft from the Sears store since Tatem, as Sears' agent, was in constructive possession of the merchandise. Therefore, the theft from the store was a lesser included offense to the robbery of Tatem. Since there is substantial evidence to support the conviction of robbery, we must reverse the conviction for petty theft.

Lastly, appellant argues that the trial court improperly instructed the jury. We have examined this contention and find neither error nor reversible error.

The conviction of petty theft (Pen. Code, § 484) is reversed. In all other respects, the judgment is affirmed.

King, J., and Haning, J., concurred.

The petitions of both parties for a hearing by the Supreme Court were denied November 9, 1983.