106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yayehyerade BEKELE, Petitioner-Appellant,
v.
Peg KERNAN, Warden, Respondent-Appellee.
 No. 96-16357.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yayehyerade Bekele, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his state robbery conviction. We review de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We have jurisdiction, 28 U.S.C. §§ 1291, 2253, and affirm.
 
 
 3
 Bekele contends that he was convicted of robbery in violation of the Due Process Clause because a jury instruction allowed the jury to convict him without finding that he committed every element of the crime. We disagree.
 
 
 4
 In order to obtain federal habeas relief based on an improper jury instruction, the instructions provided must have so infected the trial that the resulting conviction violates due process. Masoner v. Thurman, 996 F.2d 1003, 1006 (9th Cir.1993). Federal courts are bound by a state court's interpretation of state law. Wainwright v. Goode, 464 U.S. 78, 84 (1983); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) (reiterating that federal habeas relief is not available for errors of state law). In addition, subject to the constraints of due process, states have the authority to define the elements of their criminal offenses. See Martin v. Ohio, 480 U.S. 228, 232 (1987); Patterson v. New York, 432 U.S. 197, 201-202 (1977).
 
 
 5
 In California, robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Cal.Pen. Code § 211 (West 1988). California courts have held that the possession element may be satisfied if a person has constructive versus actual possession. People v. Bekele, 39 Cal.Rptr.2d 797, 799 (Cal.Ct.App.1995); People v. Estes, 194 Cal.Rptr. 909, 910 (Cal.Ct.App.1983).
 
 
 6
 Here, Robert Jump and Paco Fernandez were working for the San Francisco Water Department when Jump noticed someone kneeling beside and then entering his pickup truck. Jump yelled that someone was in his truck and drove the Water Department truck over to his pickup. Fernandez, who was in the passenger's seat, jumped out and confronted Bekele as he was getting out of Jump's truck with what appeared to be a tape deck. As Fernandez was chasing Bekele, Bekele turned, pulled a gun out of his pocket, pointed it at Fernandez and said "don't." Bekele was apprehended and identified a short time later. At trial, the judge instructed the jury, pursuant to CALJIC 9.44 that
 
 
 7
 [The] commission of a crime of robbery is not confined to a fixed place or a limited period of time.
 
 
 8
 A robbery is still in progress after the original taking of physical property while the perpetrator is in possession of the stolen property and fleeing in an attempt to escape. Likewise is still in progress so long as immediate pursuers are attempting to capture the perpetrator or to regain the stolen property.
 
 
 9
 A robbery is complete when the perpetrator has eluded any pursuers, has reached a place of temporary safety, and is in unchallenged possession of the stolen property after having effected an escape with such property.
 
 
 10
 The court also instructed the jury, pursuant to CALJIC 9.40, that
 
 
 11
 Every person who takes personal property in the possession of another, against the will and from the person or immediate presence of that person, accomplished by means of force or fear and with the specific intent permanently to deprive such person of such property, is guilty of the crime of robbery in violation of Penal Code section 212.5(b).
 
 
 12
 In order to prove such a crime, each of the following elements must be provided: (1) a person had possession of property of some value, however slight; (2) such property was taken from such person or from his immediate presence; (3) such property was taken against the will of such person; (4) the taking was accomplished by either force, violence, fear or intimidation, and (5) such property was taken with the specific intent permanently to deprive such person of the property.
 
 
 13
 The jury convicted Bekele of robbery. On appeal, the California Court of Appeal upheld Bekele's robbery conviction, holding that Fernandez had constructive possession of Jump's tape deck when he gave chase. Bekele, 39 Cal.Rptr.2d at 800.
 
 
 14
 Bekele contends that given the language of CALJIC 9.44, the jury could have impermissibly convicted Bekele without finding that a single individual was both the victim of force and the possessor of the stolen item. We agree with the district court that because in California the element of "possession" can be either actual or constructive, and because Fernandez was the only person against whom Bekele used force, the jury must have convicted Bekele of the robbery of Fernandez. See Wainwright, 464 U.S. at 84; Estelle, 502 U.S. at 67.
 
 Accordingly, the district court's order is
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3