Filed 4/29/15  P. v. Perez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B258487 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA104130) |
| v. | |
| MARISA PEREZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Jr., Judge.  Affirmed in part; reversed in part.

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Marisa Perez appeals from the judgment entered after a jury found her guilty of robbery, burglary, and petty theft arising out of the theft of merchandise from a Macy's department store. She argues that (1) the petty theft conviction must be stricken as a necessarily lesser included offense of robbery, and (2) she should be resentenced to a misdemeanor on the burglary conviction. We agree with the first argument. As for the second argument, Perez must first petition the trial court for resentencing under Penal Code section 1170.18.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2013, Perez picked up some men's fragrances in a Macy's department store and handed them to her husband who put the items in a bag. The couple then left the store without paying for the merchandise. Outside the store, a Macy's loss prevention detective, Juan Juarez, attempted to escort the husband back into Macy's. The husband pushed Juarez and there was a struggle. The bag containing the stolen merchandise fell to the floor. The husband then fled.

Perez picked up the bag and tried to walk by Juarez. He told her to go back into the store. Juarez grabbed Perez's arm and Perez tried to pull away from him. With the assistance of additional security officers, Perez was taken back to Macy's and detained.

Perez was charged with and convicted of three felonies: second degree robbery of Juarez (Pen. Code, § 211), second degree commercial burglary (Pen. Code, § 459), and petty theft from Macy's with three prior convictions (Pen. Code, §§ 484, subd. (a) & 666, subd. (a)). The trial court imposed a total prison term of four years. Perez timely appealed.

## DISCUSSION

1. *The Theft From Macy's Was A Lesser Included Offense to the Robbery of Juarez*

Perez contends, and the Attorney General concedes, that the conviction for petty theft must be stricken because it is a necessarily lesser included offense of robbery on the facts here. Although "it is generally permissible to *convict* a defendant of multiple charges arising from a single act or course of conduct (citation) . . . a 'judicially created

exception to this rule prohibits multiple convictions based on necessarily included offenses. [Citations.]' [Citation.]" (*People v. Sanders* (2012) 55 Cal.4th 731, 736.) "When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed. [Citations.]" (*Ibid.*)

"[T]heft is a lesser included offense within robbery . . . . " (*People v. Estes* (1983) 147 Cal.App.3d 23, 28.) " 'The greater offense of robbery includes all of the elements of theft, with the additional element of a taking by force or fear. [Citation.] If the defendant does not harbor the intent to take property from the possessor at the time he applies force or fear, the taking is only a theft, not a robbery. [Citations.]' [Citation.]" (*People v. Whalen* (2013) 56 Cal.4th 1, 69.)

Here, both charges were based on the same shoplifting incident. Therefore, the theft count is a necessarily included offense of the robbery count. Although the charges named different victims – Juarez and Macy's – where a security guard has constructive possession of store merchandise, theft of that merchandise from the security guard is also considered to be theft from the store. (See *People v. Estes, supra,* 147 Cal.App.3d at p. 29.) Here, Juarez was acting as an agent of Macy's; therefore, the theft from Macy's was a lesser included offense of the robbery. Accordingly, the petty theft conviction must be stricken.

2. *Perez Must Petition the Trial Court for Resentencing in Order to Benefit from Penal Code Section 1170.18*

Perez contends that the burglary count should be resentenced as a misdemeanor under Penal Code section 1170.18, which was enacted as part of Proposition 47, "the Safe Neighborhoods and Schools Act." Section 1170.18, subdivision (a) provides that "[a] person currently serving a sentence for a conviction . . . of a felony [] who would have been guilty of a misdemeanor under [this act] . . . may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . . " "If the petitioner satisfies the criteria in subdivision (a),

3

the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (Penal Code, § 1170.18, subd. (b).)

Whether Perez is eligible for resentencing under section 1170.18 is not before us as she has yet to petition the trial court for resentencing. Once she files such a petition, the trial court must then evaluate her eligibility and exercise its discretion to determine whether resentencing would pose an unreasonable risk of danger to public safety. As the trial court has not yet ruled on this matter, there is nothing for us to review.

## DISPOSITION

The conviction of petty theft is reversed.  In all other respects, the judgment is affirmed.

***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***

EGERTON, J.[*]

WE CONCUR:

EDMON, P. J.

KITCHING, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.