Filed 11/10/15  P. v. Franklin CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAMON E. FRANKLIN,<br><br>Defendant and Appellant. | B262393<br><br>(Los Angeles County<br>Super. Ct. No. MA062066) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Kathleen Blanchard, Judge.  Affirmed, as modified.

Katja Grosch, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant Damon E. Franklin was charged by information with one count of second degree robbery (Pen. Code, § 211), with prior strike, serious violent felony, and prison term allegations (§§ 1170, subd. (h)(3), 667.5, subd. (b), 1170.12, 667, subd. (a)(1)). Defendant was convicted by jury of robbery, and admitted his prior strike conviction, serious felony conviction, and four prison terms. The trial court denied defendant's *Romero*[1] motion to dismiss his strike conviction. Defendant was sentenced to the midterm of three years for the robbery, which was doubled because of his strike prior, as well as a consecutive five years for his serious felony prior conviction. The trial court dismissed the four prison term priors in the interests of justice. Defendant filed a timely notice of appeal.

We appointed appellate counsel to represent defendant. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. Defendant filed a supplemental brief with this court arguing: (1) the trial court erred in denying his *Romero* motion because his strike conviction was old; (2) there was insufficient evidence for his robbery conviction because he "didn't take anything out of that store by force" and his conduct supported a conviction for theft instead of robbery; and (3) that he received ineffective assistance of counsel because his trial counsel did not make a closing argument and did not call defendant to testify. Finding no arguable appellate issues, we affirm defendant's judgment of conviction. However, we have identified a clerical error in the abstract of judgment requiring correction.

**FACTS**

The following evidence was adduced at trial: Scotty Southwell worked as a loss prevention officer at a Home Depot store in Palmdale. On February 7, 2014, Mr. Southwell saw defendant and an associate in the tool department of the store. They were acting suspiciously, pacing back and forth, and looking nervous. Mr. Southwell was on the sales floor, wearing plain clothing. Mr. Southwell saw defendant's associate

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

break the metal zip tie securing a battery for a Makita power tool to the store's display. Defendant took the battery and concealed it in the waistband of his pants. Defendant then walked to the front of the store, walked past the store's registers, and "exited the store" without paying for the battery. Defendant's associate followed behind him.

After defendant walked out of the store, Mr. Southwell announced himself as store security, and presented his badge to defendant. Mr. Southwell instructed defendant and his associate to return to the store. Defendant's associate walked away, and defendant denied taking anything. When Mr. Southwell accused defendant of taking a battery, defendant continued walking into the parking lot. Mr. Southwell expanded his arms, without touching defendant, trying to stop defendant from leaving, and told defendant he needed to return to the store. Defendant abruptly pushed Mr. Southwell, and continued to flee. Mr. Southwell lost his balance, injuring his left ankle, and grabbed defendant. They both fell to the ground. Defendant struggled, demanding that Mr. Southwell let him go. Mr. Southwell ordered defendant to stop resisting, but defendant continued to thrash and kick. A fellow loss prevention officer, and several store customers, came to Mr. Southwell's aid, and helped subdue and handcuff defendant. The battery was found near the site of the struggle. Mr. Southwell called police, and defendant was arrested. Mr. Southwell's 911 call, and the store surveillance video, were played for the jury.

## DISCUSSION

In his supplemental brief, defendant failed to raise any arguable appellate issues. Defendant's contentions are not supported by citations to the record or to any applicable law. "Where a point is raised in an appellate brief without argument or legal support, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citation.]" (*People v. Murray* (2008) 167 Cal.App.4th 1133, 1143.) Defendant's failure to provide citations to the record, legal argument, or authority forfeits these issues on appeal. (*People v. Hovarter* (2008) 44 Cal.4th 983, 1029; *People v. Meyer* (1963) 216 Cal.App.2d 618, 635.)

Notwithstanding defendant's failure to support the assertions in his supplemental brief, we have examined the entire record. Based on our independent review, we are

satisfied that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra*, 25 Cal.3d 436.)

First, we find the trial court acted well within its discretion in denying defendant's *Romero* motion.  (*Romero*, *supra*, 13 Cal.4th at p. 530; *People v. Carrasco* (2008) 163 Cal.App.4th 978, 992-993.)  The motion argued that defendant was working to improve his life, and was enrolled in school.  Also, defendant's strike conviction was for a 1995 robbery.  The court found that because of defendant's extensive criminal history, as demonstrated by his multiple prior prison terms and the facts contained within his probation report, defendant did not "deserv[e] . . . leniency under *Romero*."  These findings clearly support the trial court's ruling.  (See *People v. Williams* (1998) 17 Cal.4th 148, 163.)

Moreover, there was substantial evidence in support of defendant's robbery conviction, as defendant used force to retain possession of the property after leaving the store.  (See *People v. Estes* (1983) 147 Cal.App.3d 23, 27-28 [defendant who stole an item from a store, was confronted by store security outside the store and used force to retain possession, was properly found guilty of robbery even though use of force did not coincide with taking the property].)  The jury was also instructed on the lesser included crime of theft, but was clearly satisfied that defendant's crime was robbery.

Lastly, we find no ineffective assistance of counsel.  There is absolutely no evidence in the record that defendant wished to testify, and the record demonstrates that defendant's counsel made a persuasive closing argument.  (*People v. Mitchell* (2008) 164 Cal.App.4th 442, 466, 467.)

We have, however, discovered a minor clerical error in the abstract of judgment.  At sentencing, the trial court ordered a $10 court security fee, $30 criminal conviction fee, and a crime prevention fine of $10.  (See Pen. Code, § 1202.5; Gov. Code, § 70373.)  These fines were erroneously not included in the abstract of judgment.

## DISPOSITION

The judgment is affirmed, as modified.  The superior court is directed to correct the abstract of judgment to include a $10 court security fee, $30 criminal conviction fee,

and a crime prevention fine of $10.  A certified copy of the same is to be transmitted to the Department of Corrections.  In all other respects, the judgment is affirmed.


GRIMES, J.


WE CONCUR:

BIGELOW, P. J.


FLIER, J.


5