Filed 4/28/21  P. v. Del Rosario CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL WILLIAM DEL ROSARIO,<br><br>    Defendant and Appellant. | G059347<br><br>(Super. Ct. No. 19HF1321)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Julian Bailey, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Allison V. Acosta, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Daniel William Del Rosario was convicted by a jury of first degree robbery on a trackless trolley (Pen. Code, §§ 211, 212.5, subd. (a)) and various other crimes after he took a passenger's backpack from a trolley, then fought the passenger outside the trolley when the passenger attempted to retrieve his backpack. Defendant raises a single issue on appeal: he contends his conviction for first degree robbery should be reduced to second degree robbery (with a corresponding two-year prison sentence reduction) because his confrontation with the passenger did not occur "on" a trackless trolley. We disagree and affirm the conviction and sentence.

**FACTS**

On the date of the incident, defendant and a friend were skipping stones at Laguna Beach. They drank a "copious amount of vodka," then decided they wanted to get more rocks to skip and decided to take the trolley. Defendant's friend was carrying a backpack.

When they entered the trolley, the driver asked defendant whether he was drunk. Defendant admitted he was. The driver told defendant he had to leave, but defendant refused. A physical altercation ensued between defendant and the driver. One of the other passengers intervened and pulled defendant away.

As defendant left the trolley, he took the intervening passenger's backpack with him. The passenger gave chase and wrested the backpack back from defendant. As the passenger took back his backpack, defendant struck the passenger three times in the face.

Defendant was charged with first degree robbery on a trackless trolley, as well as several other offenses.[1] The jury convicted defendant of the offense, making a specific finding "that the robbery was committed while the person robbed was a passenger on a trackless trolley." On this count, defendant was sentenced to eight years

---

[1] We omit discussion of these offenses and their underlying facts, as they do not relate to this appeal.

in prison, representing the midterm of four years, doubled because the offense was a violent felony and a second strike. Defendant's total prison sentence was fifteen years. Defendant appealed.

## DISCUSSION

Defendant raises only one issue on appeal. He argues his conviction for first degree robbery should be reduced to second degree robbery because the robbery did not occur on the trolley. Defendant asserts his acts on the trolley amounted only to theft, and only became robbery after both he and the victim left the trolley. Consequently, he contends, there was no robbery on the trolley.

Penal Code section 211 defines robbery: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Penal Code section 212.5 controls whether a robbery is first or second degree. Subdivision (a) of that section designates several categories of first degree robbery, including robbery of any passenger "which is perpetrated on" a trackless trolley (as applicable here), as well as "every robbery which is perpetrated in an inhabited dwelling house" and certain other categories. Subdivision (b) designates any robbery "of any person while using an automated teller machine or immediately after the person has used an automated teller machine and is in the vicinity of the automated teller machine" first degree robbery. Subdivision (c) makes all other robberies second degree.

Defendant's robbery is a so-called *Estes* robbery—one in which the requisite "force or fear" is applied after the property is taken from the victim. (*People v. Estes* (1983) 147 Cal.App.3d 23, 28; *Estes*.) In *Estes*, the defendant stole merchandise from a department store. (*Id*. at p. 26.) He left the store and the security guard followed him into the parking lot and confronted him. (*Ibid*.) The defendant then threatened the security guard (and subsequently the manager of the store) with a knife. (*Ibid*.)

3

On appeal, the defendant argued he had not committed a robbery, but at most had committed a theft and a separate simple assault because the taking of property and the "force or fear" were not contemporaneous. The *Estes* court held these facts supported a robbery conviction. "The crime of robbery is a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety. . . . The crime is not divisible into a series of separate acts. Defendant's guilt is not to be weighed at each step of the robbery as it unfolds. The events constituting the crime of robbery, although they may extend over large distances and take some time to complete, are linked by a single-mindedness of purpose." (*Estes, supra*, 147 Cal.App.3d at p. 28.)

*Estes* undercuts defendant's argument. As the *Estes* court wrote, robbery (even an *Estes* robbery) begins at the time of the original taking and continues until the robber reaches a place of relative safety. So while defendant argues there was no robbery until defendant struck the victim outside the trolley, *Estes* makes clear the robbery began when defendant took the backpack, while defendant and the victim were both still on the trolley.

Defendant also contends the statute only designates as first degree robberies those in which all of the elements are complete while on a trackless trolley. In support of this contention, defendant points to Penal Code section 212.5, subdivision (b), which makes robberies "of any person while using an automated teller machine or immediately after the person has used an automated teller machine and is in the vicinity of the automated teller machine" first degree robberies. Defendant argues the Legislature's use of "immediately after" and "in the vicinity of" in subdivision (b), in contrast to the Legislature's use of "on" in describing first degree robberies on trackless trolleys in subdivision (a), shows the Legislature's intent to limit first degree robberies to only those where all of the elements are completed "on" a trackless trolley.

4

Defendant's argument proves too much. The *Estes* court also noted "The crime of robbery includes the element of asportation, the robber's escape with the loot being considered as important in the commission of the crime as gaining possession of the property." (*Estes, supra*, 147 Cal.App.3d at p. 27.) The taking element of a robbery "is not over at the moment of caption; it continues through asportation." (*People v. Gomez* (2008) 43 Cal.4th 249, 256.)

Asportation, in turn, "'continues . . . as long as the loot is being carried away to a place of temporary safety.'" (*People v. Gomez, supra*, 43 Cal.4th at p. 256.) It would be quite an unusual robbery "on" a vehicle or "in an inhabited dwelling house" that did not involve the robber leaving the vehicle or house before reaching a place of relative safety. And by defendant's reasoning, those robberies would be second degree, because they were not fully completed "on" the vehicle or "in" the house.

We do not believe the Legislature intended a robber's escape from a vehicle or house to have the effect of reducing his or her charge from first to second degree. In fact, as the prosecution contends, the Legislature's purpose was protecting victims who are more vulnerable because of their location. (*People v. McDade* (1991) 230 Cal.App.3d 118, 127.) Accordingly, we conclude the facts support the jury's finding of first degree robbery.

## DISPOSITION

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.