Filed 12/30/21  P. v. Shelton CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ROBERT DESHAWN SHELTON,<br><br>        Defendant and Appellant. | A162981<br><br>(San Mateo County<br>Super. Ct. No. 18NF010732B) |

Defendant Robert Shelton appeals from a judgment entered after he pled no contest to second degree robbery as part of a negotiated disposition. Defendant's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. Defendant was informed of his right to file supplemental briefing and has not filed such a brief.  We have reviewed counsel's brief and independently reviewed the record, and we find no errors or other issues requiring further briefing.  Accordingly, we affirm.

On June 17, 2020, defendant was charged by information with second degree robbery (Pen. Code, § 212.5, subd. (c), count 1),[1] and attempted criminal threats (§§ 664/422, subd. (a), count 2).

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

As part of a negotiated disposition, on September 3, 2020, defendant pled no contest to second degree robbery (count 1), with an indicated sentence of probation with no more than six months in county jail. In exchange, the district attorney dismissed the remainder of the information pursuant to plea.[2]

According to the probation report, the current charges arose on August 16, 2018, when defendant and another person went into a Victoria's Secret Store at Serramonte Shopping Center in Daly City and were seen by a loss prevention officer leaving the store with a large amount of merchandise and without paying. When defendant was approached by the loss prevention officer outside the store, he "swung his right fist" at the loss prevention officer, who avoided the blow, and then pushed him in the chest. Defendant also was reported as saying "[d]on't make me do it, back up, you better back up." The value of the merchandise was $4,274.

Defendant completed a change of plea form that advised him of his rights and the rights he was waiving; the forms were signed by his counsel and by the court. Defense counsel stipulated to a factual basis for the no contest plea "based upon investigation." The court (Hon. Lisa Novak) reviewed the change of plea form, questioned defendant, and found defendant knowingly, voluntarily, and intelligently waived his rights and entered a plea of no contest.

At the sentencing on June 1, 2021, the court (Hon. Susan Greenberg) stated that it had considered the probation report and the sentencing memorandum filed by defendant. (Judge Greenberg was the judge who had

---

[2] The complaint and the information each allege two counts against defendant, as described above. The change of plea form lists a third count for section 487, subdivision (a), but that was apparently in error. The codefendant was charged with this offense, among others.

given the indicated sentence at an earlier pretrial conference.) The district attorney submitted on the probation report. Defense counsel had filed a comprehensive sentencing memorandum in advance of the sentencing. At the hearing, defense counsel amplified her arguments, including identifying mitigating factors that she believed the probation report had overlooked or misunderstood, emphasizing that defendant had successfully completed probation on two occasions, that he was currently on probation for an incident not related to robbery and was performing satisfactorily, and that he was employed. Defense counsel also clarified that, contrary to the statement in the probation report, she had not told her client in the three-way probation phone interview "don't say anything because there's a pending case being looked at." She was simply explaining to her client in response to his question that any statement he gave could be used against his codefendant in this case, and "so he chose not to give a statement because of that. It wasn't about another case being looked at." Defense counsel also described the case as more of an "*Estes* robbery."[3] No weapon was used and the allegation was a push. Defendant had been out of custody since his arrest.

Consistent with the anticipated disposition, imposition of sentence was suspended, and the trial court placed defendant on supervised probation for a period of three years with conditions including that he serve six months in the county jail, with two days credit for time served. The court recommended that defendant be placed in the sheriff's work program, and gave him a surrender date. The court waived all fines and fees, except for a $300 restitution fund fine. The court ordered defendant to stay away and not contact the victim, and to stay away from Victoria's Secret at Serramonte Center in Daly City. Defendant was ordered to pay $4,274 in restitution,

---

[3] *People v. Estes* (1983) 147 Cal.App.3d 23.

jointly and severally with his codefendant.[4]  Defendant agreed to the restitution amounts without requesting a hearing.

After stating all of the terms and conditions of probation, the trial judge asked defendant whether he accepted them, and he said yes.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Defendant was sentenced after a no contest plea and did not obtain a certificate of probable cause.  Any issues as to the validity of his plea are not before us.  (§ 1237.5.)  Before entering his no contest plea, defendant was advised of his rights, and there is no indication he did not understand his rights, including the rights he was waiving.  The court found defendant had knowingly, voluntarily, and intelligently waived his rights and his plea was voluntary.  Counsel stipulated to the factual basis for the plea.

The sentence imposed is authorized by law and was in compliance with the plea agreement.  Custody credits appear to have been calculated correctly.

Based on our review of the record, defendant was represented by competent counsel who acted to protect his rights and interests.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

The judgment is affirmed.

---

[4] At the sentencing hearing, the court stated defendant would pay restitution jointly and severally with his "codefendants" and read out and spelled the full name of the codefendant as if it were two people.  The record indicates there is one codefendant (Edie Marika Sade Kittrell), who, according to the probation report, had already been ordered to pay restitution in this amount, jointly and severally with defendant.

4

_____
                                                    Miller, J.


WE CONCUR:


_____
Richman, Acting P.J.


_____
Kline, J.*




A162981, *People v. Shelton*

---

*  Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.