Filed 7/1/24  P. v. Krmpotic CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CURT JOSEPH KRMPOTIC,<br><br>    Defendant and Appellant. | 2d Crim. No. B328167<br>(Super. Ct. No. 22CR08249)<br>(Santa Barbara County) |

Curt Joseph Krmpotic appeals from the judgment after a jury convicted him of second degree robbery.  (Pen. Code, §§ 211, 212.5, subd. (c).)  The trial court suspended imposition of sentence and placed Krmpotic on two years of formal probation.  He contends the judgment should be reversed because the court should have declared a mistrial, and there was insufficient evidence to support his conviction.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Early one morning in November 2022, Krmpotic went into a gas station, walked to the cooler, and took some beer.  As he walked toward the door, the cashier waved his hand and said, "Hey, you

have to pay.  You have to pay for the beer."  He then told Krmpotic to return the beer.

Krmpotic cursed at the cashier: "Fuck you.  I'm not going to pay you anything."  He then punched the cashier in the face, still holding the beer.  At some point the beer fell to the ground. Krmpotic said, "Fuck you motherfucker, I'm going to fuck you up. I'm going to beat the shit out of you."  He then punched the cashier again and threw an elbow at him.  The cashier was eventually able to pull Krmpotic to the ground.

A woman at the gas station saw Krmpotic and the cashier fighting.  She saw Krmpotic hitting the cashier and "throwing [him] around so hard."  She also heard Krmpotic's fists hitting the cashier.  The cashier told her to call 911.

Two sheriff's deputies responded to the 911 call.  When they arrived, the cashier was holding Krmpotic down on the ground outside.  The beer was also outside.  The deputies arrested Krmpotic, who did not appear to be injured.

The cashier said that he recognized Krmpotic from previous contacts at the gas station.  On one prior occasion Krmpotic took a loaf of bread without paying for it.

Krmpotic testified in his own defense at trial.  He admitted that he had previously stolen from the gas station.  He also admitted that he had previously stolen from Home Depot.

Krmpotic said that on the night of the alleged robbery he rode his bicycle to the gas station to buy beer.  He attempted to steal the beer but dropped it when the cashier pushed him.  He then tried to leave, but the cashier would not let him.  He "threw a couple lefts" at the cashier but "barely grazed him."

On rebuttal, the Home Depot security guard testified that he observed Krmpotic put pants and a sweatshirt in his backpack and

2

leave without paying for them. Deputy Bruno Bertuzzi followed up with the security guard. He obtained an image of the alleged shoplifter from Home Depot's surveillance system and emailed his fellow deputies to see if anyone recognized him. "[A] half dozen or so" deputies identified Krmpotic. The prosecutor then asked Bertuzzi if he looked up Krmpotic's photo. Bertuzzi responded, "Yes. I looked [him] up in our jail system from prior booking photos."

The trial court interrupted proceedings to discuss Bertuzzi's testimony outside the presence of the jury:

> "The court: I'm at a loss for how questions can be posed that would allow this deputy to testify about going into booking photos.
>
> "[Prosecutor]: That's not what I asked him.
>
> "The court: I don't care. I mean this is ridiculous. [¶] Now we've got a jury that's speculating why he's been identified by seven deputies, six or seven deputies, and they're being told that he's got booking photos that are being—where he's identified.
>
> Not one booking photo. Not one deputy. Seven deputies. We heard from everyone that this is . . . Krmpotic. [¶] I mean it's unacceptable. It's unacceptable."

Krmpotic moved for a mistrial, arguing that the mention of the booking photos and deputies recognizing him prejudiced him.

The trial court said it needed to further consider Krmpotic's mistrial motion. It admonished the jury:

3

"So ladies and gentlemen, so our last witness . . . made a reference to other law enforcement officers recognizing . . . Krmpotic, and then made I think a reference—you may not even recall it, it happened quickly—but made a reference to some prior booking photos. So that's not a part of this case. You're to disregard it. Under no circumstance consider it.

"This case has to be decided based on the evidence presented as to what occurred [in November 2022] and not on anything else.

"So the references by Bertuzzi . . . that I just mentioned, you're not to consider that at all in deciding the issues in the case."

The court later denied Krmpotic's motion. It noted that it had admitted evidence of several of Krmpotic's prior petty thefts, and Krmpotic himself admitted that he had previously stolen from the gas station and Home Depot. The court thus reasoned that "[t]he jury would not have been surprised and probably not prejudiced by the fact that . . . Krmpotic had some involvement with the criminal justice system." Based on these prior contacts and the court's admonition regarding Bertuzzi's testimony, declaring a mistrial was not warranted.

## DISCUSSION
### *Mistrial motion*

Krmpotic contends the judgment should be reversed because the trial court erroneously denied his motion for a mistrial. We disagree.

A trial "court should grant a mistrial if it ' "is apprised of prejudice that it judges incurable by admonition or instruction." ' "

4

(*People v. Williams* (2016) 1 Cal.5th 1166, 1185.) But "[w]hether an incident is prejudicial and requires a mistrial is 'by its nature a speculative matter.' " (*Ibid.*) The " ' "court is [therefore] vested with considerable discretion in ruling on mistrial motions." ' " (*Ibid.*) It should grant one only "when [a] defendant's ' " ' "chances of receiving a fair trial have been irreparably damaged." ' " ' " (*Ibid.*)

There was no such chance here. "[I]t is only in the 'exceptional case' that any prejudice from an improperly volunteered statement cannot be cured by appropriate admonition to the jury." (*People v. Franklin* (2016) 248 Cal.App.4th 938, 955.) Here, after Bertuzzi improperly testified that a "half dozen or so" deputies identified Krmpotic and that he looked up Krmpotic's booking photos, the trial court admonished the jury that it was to disregard that testimony and "[u]nder no circumstance consider it." The court then reminded the jury that the case had to be decided on the evidence of the alleged robbery. We presume the jury followed this admonition and disregarded Bertuzzi's testimony. (*People v. Pitts* (1990) 223 Cal.App.3d 606, 692.) There was thus no abuse of discretion.

Moreover, there is no reasonable probability that a result more favorable to Krmpotic would have resulted absent Bertuzzi's improper testimony. (See *People v. Welch* (1999) 20 Cal.4th 701, 749-750 [applying *Watson*[1] harmless error standard to improperly admitted evidence].) As the trial court noted, evidence of Krmpotic's prior petty thefts was admitted into evidence—something Krmpotic does not now challenge—and Krmpotic himself testified that he had twice previously stolen from the gas station

---

[1] *People v. Watson* (1956) 46 Cal.2d 818, 836.

and stolen from Home Depot.  Jurors thus would not have been surprised to learn that deputies recognized him or that there were photos of him in the booking system.  Additionally, as discussed more fully below, the evidence supporting the robbery charge in this case was overwhelming; Krmpotic essentially admitted to it on the stand.  Any error was accordingly harmless.[2]

*Sufficiency of the evidence*

Alternatively, Krmpotic contends the judgment should be reversed because there was insufficient evidence that he used force or fear to take beer from the gas station.  We again disagree.

To evaluate Krmpotic's contention, " 'we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable [jury] could find' " beyond a reasonable doubt that he robbed the gas station.  (*People v. Cravens* (2012) 53 Cal.4th 500, 507.)  We neither evaluate witness credibility nor resolve evidentiary conflicts (*People v. Manibusan* (2013) 58 Cal.4th 40, 87); such tasks are within the exclusive province of the jury (*People v. Young* (2005) 34 Cal.4th 1149, 1181 (*Young*)).  So long as "the circumstances reasonably justify the [jury's] findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Reversal is not warranted here.  "Robbery is the felonious taking of personal property in the possession of another, from [their] person or immediate presence, and against [their] will, accomplished by means of force or fear."  (Pen. Code, § 211.)  It is

_____

[2] Any error was also harmless beyond a reasonable doubt. (*Chapman v. California* (1967) 386 U.S. 18, 24.)

6

" 'a continuing offense that begins from the time of the original taking until the robber reaches a place of relative safety.' " (*People v. Anderson* (2011) 51 Cal.4th 989, 994.) "It thus is robbery when the property was peacefully acquired, but force or fear was used to carry it away." (*Ibid.*)

Here, a reasonable jury could conclude beyond a reasonable doubt that Krmpotic used force or fear when carrying away beer from the gas station. Krmpotic first punched the cashier in the face *while still holding the beer*. Krmpotic then threatened to "beat the shit out of" the cashier, punched him again, and hit him with his elbow. Such threats to and uses of force against the cashier while he attempted to interrupt the asportation of the beer is sufficient to sustain Krmpotic's robbery conviction. (*People v. Estes* (1983) 147 Cal.App.3d 23, 27-28.) That Krmpotic testified to a different version of events does not suggest otherwise. (*Young, supra*, 34 Cal.4th at p. 1181.)

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.             CODY, J.

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Susan S. Baugess, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, William H. Shin and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.