Filed 8/9/23  P. v. Salcido CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061715 |
| v. | (Super. Ct. No. 22WF0903) |
| HEATHER ENNON SALCIDO, | ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |
| Defendant and Appellant. | |

The opinion filed August 7, 2023, is hereby modified as follows:

1.  On page three, second full paragraph, delete first complete sentence, and replace with the following:

When a defendant's appointed appellate counsel identifies no arguable issue on appeal, an appellate court must independently review the record for arguable issues.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

This modification does not effect a change in judgment.

MOORE, ACTING P. J.

WE CONCUR:


GOETHALS, J.


DELANEY, J.

Filed 8/7/23  P. v. Salcido CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HEATHER ENNON SALCIDO,<br><br>    Defendant and Appellant. | G061715<br><br>(Super. Ct. No. 22WF0903)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson, Marvin E. Mizell and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Heather Ennon Salcido of one count of robbery. (See Pen. Code, §§ 211, 212.5, subd. (c); *People v. Estes* (1983) 147 Cal.App.3d 23.) The trial court granted formal probation. Salcido filed an appeal.

After clarifying the record on appeal, and under the procedures outlined in *Anders v. California* (1967) 386 U.S. 738 (*Anders*), and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed an opening brief identifying "no specific contentions as grounds for relief." Salcido has not filed a supplemental brief on her own behalf. After independently reviewing the record, we affirm the judgment.

I

FACTS AND PROCEDURAL BACKGROUND

On April 4, 2022, Salcido was in a Macy's store carrying merchandise and a bag that appeared empty. Salcido entered a dressing room and stayed there for about a half an hour. When Salcido left the dressing room, the bag she was carrying was larger, and she appeared to be wearing some of the merchandise under her own clothing. Salcido proceeded to the beauty department where she took a fragrance from the counter and appeared to put it in her jacket.

Salcido left the store without stopping at the cash registers and paying for the merchandise. Two Macy's loss prevention employees identified themselves and asked Salcido to come back into the store. Salcido refused and attempted to push past the employees. As the loss prevention employees attempted to handcuff Salcido, she resisted and began to flail her arms, striking one of the employees in the face, knocking off his glasses. For safety reasons, the Macy's employees stopped attempting to apprehend Salcido. Police eventually arrested Salcido after a brief struggle.

The prosecution charged Salcido with one count of second degree robbery. (Pen. Code, §§ 211, 212.5, subd. (c).) Following a trial, a jury convicted Salcido of the charged crime. The trial court granted Salcido probation with various terms and

2

conditions, including 100 days in the county jail.

This court appointed counsel to represent Salcido on appeal. After the superior court clarified the record on appeal (the court mistakenly included extraneous materials in the clerk's transcript), appointed counsel filed a supplemental opening brief under the procedures set forth in *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738. Salcido has not filed a supplemental brief on her own behalf.

II

DISCUSSION

When a defendant's appointed appellate counsel identifies no arguable issues on appeal, an appellate court may independently review the record for arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Appointed counsel directed this court's attention to the following possible issues counsel considered, but did not raise as grounds for relief (boldfacing omitted):

"Whether it was prejudicial error for the trial court to exclude Macy's asset protection training video from evidence."

"Whether the prosecutor committed misconduct by vouching for witnesses in closing argument, prejudicing appellant."

"Whether the prosecutor committed misconduct in closing argument by personally attacking defense counsel, prejudicing appellant."

"Whether the prosecutor improperly shifted the burden of proof in closing

3

argument, prejudicing appellant."

"Whether the prosecutor misstated the law in closing argument, prejudicing appellant."

This court has independently reviewed the corrected record on appeal, and we find no arguably meritorious issues, either among the issues suggested by appointed counsel, or otherwise.[1]

## III

## DISPOSITION

The judgment is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

GOETHALS, J.

DELANEY, J.

---

[1] We commend appointed appellate counsel for her thoroughness throughout these proceedings.

4