Filed 8/7/25  P. v. Macias CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS MANUEL MACIAS,<br><br>    Defendant and Appellant. | D084280<br><br><br>(Super. Ct. No. SCD298622) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Judge.  Affirmed.

Lara Gressley, under the appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Jesus Manuel Macias appeals from a judgment of conviction after a jury found him guilty on one count of robbery. (Pen. Code, § 211.) His appointed counsel filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which raised no arguable issues but asked us to independently review the record for reversible error. We granted Macias an opportunity to file a supplemental brief on his own behalf, but he did not do so. After reviewing the entire record (*People v. Kelly* (2006) 40 Cal.4th 106, 119), we find no arguable appellate issues and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2023, Macias scuffled with two plainclothes loss prevention officers (LPOs) outside of the department store where they worked. While inside the store, one of the LPOs observed Macias concealing the store's clothing in the backpack he was carrying and on his person. As Macias was about to leave the store with the merchandise, the LPOs stood outside the front door to confront him.

After Macias stepped outside, the LPOs identified themselves as such and told him they needed to speak with him about the "unpaid merchandise." Macias, who appeared to be talking on the phone when he exited the store, ignored the LPOs. As they attempted to "get him off his cell phone" and detain him, Macias punched one of them twice in the head. Macias punched him two more times and spat on him after the LPOs took him to the ground. They were able to subdue him, handcuff him, and take him back into the store. The police responded shortly thereafter.

2

Macias was charged with a single count of robbery under an *Estes*[1] theory. A jury convicted him of robbery in October 2023. Roughly six months later, the court imposed a six-year prison term comprised of the middle term of three years doubled for a strike prior (Pen. Code, §§ 213, subd. (a)(2), & 1170.12, subd. (c)(1)).

To investigate a claim of juror misconduct to support a motion for a new trial, in January 2024 Macias moved to unseal the jurors' names and contact information, which are sealed as a matter of course after a verdict is reached (Code Civ. Proc., § 237, subd. (a)(2)). According to a declaration from Macias's trial counsel, after the verdict was read and the jury was discharged, jurors described being deadlocked nine-to-three in favor of acquittal before they reconsidered video evidence of the scuffle between Macias and the LPOs. The attorney declared, "two jurors . . . explained that the jury reached its decision by considering whether Mr. Macias acted in lawful self-defense. They determined that Mr. Macias did not meet the 'three elements' for self-defense, and that conclusion contributed to their guilty verdict." Because no self-defense instruction was given—Macias did not ask for it—he believed their consideration of this theory indicated juror misconduct and rendered the verdict unlawful.

The court denied Macias's motion in April 2024 after concluding that any ensuing motion for a new trial would have to be based on evidence showing how the jury reached its decision, which a court is precluded from considering. (See Evid. Code, § 1150, subd. (a) ["No evidence is admissible

---

[1] *People v. Estes* (1983) 147 Cal.App.3d 23. "What sets an *Estes* robbery apart from a standard robbery is that force or fear is used not in the acquisition of the property, but in the escape." (*People v. Robins* (2020) 44 Cal.App.5th 413, 419, fn. omitted.) "The typical case starts with a shoplifting and turns into a robbery when the thief is confronted by a LPO, and the thief assaults the LPO in an attempt to get away." (*Ibid.*)

to show the effect of such statement, conduct, condition, or event upon a juror either in influencing him to assent to or dissent from the verdict or concerning the mental processes by which it was determined"].)

## DISCUSSION

Appointed counsel filed a brief summarizing the factual record and proceedings in the trial court. Macias presents no argument for reversal but asks us to independently review the record in accordance with *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738. Counsel identified the following issues that might arguably support the appeal: (1) whether the trial court had a sua sponte duty to instruct the jury on self-defense; and (2) prejudicially erred by denying Macias's motion to unseal juror information.

Our review of the entire record, including the issues identified by appellate counsel, has identified no reasonably arguable appellate issue. We briefly discuss the two possible issues identified by counsel.

The first possibility can be dispensed with in short order because "[s]elf-defense, is not, of course, a recognized defense to a charge of robbery." (*People v. Costa* (1963) 218 Cal.App.2d 310, 316.) Even if it were, when a defendant does not rely on a defense, "a sua sponte instructional duty arises 'only if . . . there is substantial evidence supportive of such a defense *and* the defense is not inconsistent with the defendant's theory of the case.' " (*People v. Breverman* (1998) 19 Cal.4th 142, 157.) Based solely on testimony from one of the LPOs that muggings were common near the store, Macias urged the jury to infer that he punched the LPO because he thought they were trying to take his phone, not because he was trying to escape with the store's property. His theory, however, did not support a finding of self-defense, which would require a reasonable belief that he was "in imminent danger of

4

suffering bodily injury." (CALCRIM No. 3470.) Our independent review of the record failed to identify any evidence tending to establish these facts.

Regarding Macias's motion to unseal juror information, "[a]ny person may petition the court for access to these records" upon a "prima facie showing of good cause." (Code Civ. Proc., § 237, subd. (b).) "This showing must ' "support a reasonable belief that jury misconduct occurred, that diligent efforts were made to contact the jurors through other means, and that further investigation is necessary to provide the court with adequate information to rule on a motion for new trial." ' " (*People v. Munoz* (2019) 31 Cal.App.5th 143, 165 (*Munoz*).) Even were we to assume that Macias could work around the evidentiary bar of Evidence Code section 1150—which we agree with the trial court would likely be an insurmountable hurdle—his counsel's declaration failed to establish diligence in attempting to contact jurors on his own during the two-and-a-half months between learning of the perceived misconduct and filing his motion. Accordingly, the court did not abuse its discretion in denying it. (*Munoz*, at p. 165 [abuse of discretion standard applies].)

Competent counsel has represented Macias on this appeal.

## DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:

IRION, Acting P. J.

DO, J.

5