Filed 8/18/25  P. v. Acuna CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWARD DOMINIK ALEXIS ACUNA,<br><br>    Defendant and Appellant. | 2d Crim. No. B337922<br>(Super. Ct. No. 23F07640)<br>(San Luis Obispo County) |

Edward Dominik Alexis Acuna appeals from the judgment after a jury convicted him of second degree robbery.  (Pen. Code,[1] § 211.)  The trial court sentenced him to six years in state prison.  Acuna contends there was insufficient evidence of force or fear "motivated by the intent to steal."  He also contends the trial court erred when it denied his motion to dismiss the prior strike allegation pursuant to *People v. Superior Court (Romero)* (1996) 13

---

[1] Undesignated statutory references are to the Penal Code.

Cal.4th 497 (*Romero*).  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In September 2023, an on-duty loss prevention officer (LP officer) at a Food 4 Less grocery store was monitoring closed circuit TV cameras.  He noticed Acuna, who was wearing "very baggy clothing," looking up at the cameras, and eating a cookie from a package.  Acuna was with a woman and a young child.  The LP officer saw Acuna and the woman walk towards a location of the store with baby supplies and place a container of diapers into an empty bag.  Acuna positioned his body to obscure "any possible vision of the concealment."

They walked to a different aisle and Acuna put a shampoo bottle in his pants.  Acuna also put other merchandise in his sweater pocket.  Acuna and the woman exited the store without paying for these items.  The LP officer followed Acuna, identified himself, told him he had not paid for the items, and asked him to return to the store.  Acuna refused and attempted to flee.  The LP officer tried to apprehend him.  Acuna swung at the officer's head with his left arm.  The LP officer ducked, and Acuna grabbed the LP's officer's hair, shoving him to the ground.  A store employee saw Acuna pushing and shoving the LP officer before the officer fell to the ground.

Once on the ground, the LP officer tried to restrain Acuna and told him he was under arrest.  Acuna tried to bite the LP officer.  Another employee arrived to help handcuff Acuna who continued to resist.  They were able to subdue and restrain Acuna.

A Paso Robles police officer responded to the scene.  He observed the LP officer had suffered swelling on his lip.  There was also blood on the LP officer's knuckles and wrists as a result of the "altercation" with Acuna.  The items taken from the store and

2

retrieved from Acuna amounted to approximately $30, consisting of shower gel, shampoo, ointment, and diapers.

The jury convicted Acuna of second degree robbery (§ 211).  In a bifurcated proceeding, the trial court found true several factors in aggravation.  The court also found that Acuna had suffered a 2020 prior conviction for dissuading a witness (§ 136.1, subd. (b)(2)) as a prior serious felony conviction and strike under the "Three Strikes" law.  (§§ 667, subds. (a)(1), (c)(1), (e)(1), 1170.12, subds. (a)(1), (c)(1).)  It later denied Acuna's *Romero* motion and sentenced him to the midterm of three years, doubled for the strike.

DISCUSSION

*Sufficiency of the evidence*

Acuna first contends the evidence was insufficient to prove that he used force or fear "motivated by the intent to steal."  We disagree.

"Robbery is the felonious taking of personal property in the possession of another, from [their] person or immediate presence[] and against [their] will, accomplished by means of force or fear."  (§ 211.)  A concurrent intent to steal or aid in the commission of a theft along with the application of force or fear is required.  (*People v. Turner* (1990) 50 Cal.3d 668, 688, 691.)  Where the intent to steal arises only after force is used, the offense is theft, not robbery.  (*People v. Burney* (2009) 47 Cal.4th 203, 253.)  The force required for robbery is more than "just that quantum of force which is necessary to accomplish the mere seizing of the property."  (*People v. Morales* (1975) 49 Cal.App.3d 134, 139 (*Morales*).)

"[A] robbery can be accomplished even if the property was peacefully or duplicitously acquired, if force or fear was used to carry it away."  (*People v. Gomez* (2008) 43 Cal.4th 249, 256.)  Thus, a robbery occurs when " 'the perpetrator, having gained possession

3

of the property without use of force or fear, resorts to force or fear while carrying away the loot.'" (*Id.* at p. 257.) A robbery in which force or fear is not used until after the perpetrator has already taken the property is "commonly referred to as [an] '*Estes* robber[y].'" (*Miller v. Superior Court* (2004) 115 Cal.App.4th 216, 223.) "[A] store employee may be a victim of robbery even though he does not own the property taken and is not in charge or in immediate control of the property at the time of the crime." (*People v. Estes* (1983) 147 Cal.App.3d 23, 26 (*Estes*).)

The elements of robbery need not converge at a single "'temporal point.'" (*People v. Hodges* (2013) 213 Cal.App.4th 531, 539–540.) Robbery is a continuing offense and does not end until the perpetrator has reached a place of relative safety. (*People v. Anderson* (2011) 51 Cal.4th 989, 994–996.)

To evaluate Acuna's claim of evidentiary insufficiency, "'we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable [jury] could find'" beyond a reasonable doubt that he committed robbery. (*People v. Cravens* (2012) 53 Cal.4th 500, 507.) So long as "the circumstances reasonably justify the [jury's] findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)

Here, there is substantial evidence that Acuna's use of force was "motivated by the intent to steal" and exceeded the "quantum of force" necessary to accomplish seizing of the items. (*Morales*, *supra*, 49 Cal.App.3d at p. 139.) Before leaving the store, Acuna concealed merchandise in his pants and sweatshirt and obstructed the store camera's view while placing diapers in a bag. Acuna then

carried these items away when he exited the store without paying for them. Before reaching a point of safety, Acuna was confronted by the LP officer and refused his requests to return to the store and pay for the items. Acuna forcibly resisted the officer's attempt to take back the merchandise by swinging at his head, grabbing his hair, shoving him to the ground, and attempting to bite him. Acuna did not relinquish the items during his use of force. Except for the diapers that were found in a shopping cart, the stolen items were found on Acuna's person once he was arrested. We conclude substantial evidence supports the robbery conviction because Acuna's use of force against the LP officer while attempting to carry the items away and before reaching a place of safety was motivated by an intent to steal. (*Estes*, *supra*, 147 Cal.App.3d at pp. 27–28.)

For these reasons, we reject Acuna's contentions that an *Estes* robbery requires the use of a weapon and there was insufficient evidence of force because the LP officer attempted to subdue him. We also reject Acuna's contention that this "was essentially a non-violent petty theft case." The LP officer suffered injuries to his lip and knuckles and wrists due to Acuna forcibly resisting the officer's attempts to regain the merchandise. While Acuna initially committed a theft, it became a robbery when he used force to retain the stolen items and flee.

Romero <em>motion</em>

Acuna also contends the court abused its discretion when it denied his *Romero* motion to dismiss his prior strike offense for dissuading a witness committed in 2020. We again disagree.

A trial court has the discretion to dismiss a prior violent or serious felony conviction. (*Romero*, *supra*, 13 Cal.4th at p. 504.) We review its ruling for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) "[A] trial court does not abuse its

5

discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

Dismissal of a strike is warranted if "in light of the nature and circumstances of [the] present felonies and prior serious and/or violent felony convictions, and the particulars of [their] background, character, and prospects, the defendant may be deemed outside the scheme's spirit." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The court may consider the age of the prior offenses in exercising its discretion. (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1141.) We conclude these factors did not require dismissal of the strike here.

From 2012 to 2018, Acuna was twice convicted of driving under the influence, convicted of three drug sale related charges, and theft. Acuna's prior strike offense was for dissuading a witness in 2020. In the same case, Acuna was convicted of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and violating a protective order (§ 273.6, subd. (a)), a misdemeanor. In 2022, after his first strike, Acuna was convicted of two additional felonies: being a felon in possession of ammunition (§ 30305, subd. (a)(1)) and evading the police while recklessly driving (Veh. Code, § 2800.2, subd. (a)). He was on postrelease community supervision when he committed the current offense.

In his *Romero* motion, Acuna acknowledged that his 2020 strike prior was "recent, suffered less than four years ago." As to the instant offense, he argued that he "believed he was somewhat justified in stealing" the merchandise to provide for his infant daughter. He also believed that he would not be convicted because the LP officer initiated contact. Thus, Acuna asked the court to "strike" his 2020 prior conviction.

We are not tone-deaf to Acuna's claim that a six-year prison sentence may be disproportionate to "stealing" $30 worth of

6

merchandise to provide for his daughter. But the value of the items and Acuna's desire to provide for his daughter does not, as a matter of law, place him outside the spirit of the Three Strikes law compelling the trial court to dismiss his prior strike. In our view, dismissal was not warranted given the recency and extent of Acuna's criminal history and use of violence here. Acuna suffered a strike conviction in 2020, and was later convicted of two additional felonies in 2022. And before these recent felony convictions, Acuna was convicted of several felonies and misdemeanors from 2012 to 2018. He was on postrelease community supervision when he committed the current offense involving the use of force on a grocery store employee.

Acuna also contends the court did not consider appropriate factors. But the court stated it read and considered Acuna's *Romero* motion and probation report. These materials shed light on the nature and circumstances of Acuna's prior and current offenses, his background, character, and prospects. Acuna also contends the trial court improperly denied the *Romero* motion because it stated Acuna had not "suffered the consequences for his two additional felonies" because his 2022 felony convictions were not doubled on account of his 2020 strike conviction. We are not persuaded. We consider the correctness of the trial court's ruling, not the correctness of the trial court's reasons in reaching its decision. (*People v. Zapien* (1993) 4 Cal.4th 929, 976 [if the trial court's ruling is correct " ' "upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion" ' "].) And here, the court reasonably concluded Acuna did not have "a crime-free cleansing period of rehabilitation" that would justify dismissing the strike. (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [reversing

7

dismissal of 20-year-old strike]; *People v. Pearson* (2008) 165 Cal.App.4th 740, 749–750 [strikes 24, 15, and 10 years old properly imposed].)

     *People v. Avila*, *supra*, 57 Cal.App.5th 1134, does not compel a different result. The defendant there committed his prior strike offenses 26 to 28 years earlier, and "did not use violence against either of his victims" during the current offenses. (*Id.* at pp. 1141, 1146.) But here, Acuna committed two more felonies after his recent 2020 strike conviction for dissuading a victim. He also used violence against the LP officer. In our view, this is not one of the " 'extraordinary [cases] . . . by which a career criminal can be deemed to fall outside the spirit' " of the Three Strikes law. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) There was no abuse of discretion.

DISPOSITION

     The judgment is affirmed.

     <u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

CODY, J.

8

Matthew G. Guerrero, Judge

Superior Court County of San Luis Obispo

_____

Kernkamp Law and Christian E. Kernkamp for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jonathan J. Kline and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.