Filed 11/21/25  P. v. Cervantes CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT CERVANTES,<br><br>    Defendant and Appellant. | F088280<br><br>(Super. Ct. No. BF197741A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  Tiffany E. Organ-Bowles, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Brook A. Bennigson and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P. J., Peña, J. and Snauffer, J.

Robert Cervantes appeals from a judgment after a jury found him guilty of second degree robbery. The trial court sentenced him as a third strike offender to a total prison term of 35 years to life under the "Three Strikes" law. Cervantes does not challenge his convictions; instead, he challenges his sentencing, contending the court abused its discretion by denying his motion to dismiss one or both of his prior strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) and dismiss one or both of his two prior serious felony convictions pursuant to Penal Code section 1385.[1] We affirm.

## STATEMENT OF THE CASE

In April 2024, Cervantes was charged with, count 1, felony second degree robbery (§ 212.5, subd. (c)), and it was alleged he had two prior strikes (§ 667, subd. (e)) and two prior serious felony offenses (§ 667, subd. (a)).[2] Circumstances in aggravation under California Rules of Court, rule 4.421(a), (b) were alleged.[3] He was also charged with, count 2, misdemeanor resisting arrest (§ 148, subd. (a)(1)). On April 16, 2024, a jury found Cervantes guilty of both counts. In a bifurcated proceeding, the trial court found not true the allegations that Cervantes was armed with or used a weapon under rule 4.421(a)(2) or that he engaged in violent conduct indicating a serious danger to society under rule 4.421(b)(1). The remaining allegations were found true.

Cervantes was sentenced on June 25, 2024. The trial court declined to strike either of his prior strike allegations or either of his serious felony priors, and he was then sentenced to 25 years to life on count 1, to be served consecutive to an aggregate

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The prior strikes and prior serious felony convictions all stemmed from violations of section 459, burglary, one occurring on August 14, 2012, and one on October 18, 2012.

[3] All further references to the rules are to the California Rules of Court.

determinate term of 10 years for the two serious felony priors.  The court imposed a concurrent year in county jail for the count 2 misdemeanor offense.

## STATEMENT OF THE FACTS

On January 14, 2024, Julian Rodriguez, a loss prevention detective for Marshalls, noticed Cervantes selecting merchandise inside the store and moving towards the exit without paying for the items.  Rodriguez moved to the front of the store where he joined customer service associate, Joseph Trevino, whom he had been communicating with via radio.  Trevino was waiting outside the store.

Rodriguez went outside, intending to apprehend Cervantes.  When he told Cervantes to return to the store, Cervantes repeatedly said, "back away" and reached for something inside his pocket.  Cervantes told Rodriguez to call the police department. Rodriguez saw Cervantes pull a black item from his pocket, which he thought was a knife, and which frightened him.  Rodriguez disengaged, but continued to walk in the direction Cervantes was moving, while calling 9-1-1.  This incident was captured on video.

Cervantes went behind a nearby dumpster and rode away on a parked bicycle with two bags he collected there.  Police arrived and chased Cervantes.

Police Officer Titus Goodmon responded to the reported robbery.  When he noticed Cervantes creeping out from behind a dumpster, he ordered him to "come here." Cervantes failed to comply, delaying Goodmon in the performance of his duties.

Cervantes was located by Patrol Sergeant Alex Paiz behind a seatrain at another business.  He was wearing a backpack and was near a bicycle, partially concealed by clothing.  Paiz ordered Cervantes to come out and put his hands on his head.  When he did, Paiz noticed Cervantes had bleeding scratches on his right hand.  Cervantes asked why he was being detained and offered to show Paiz the contents of his backpack.  The backpack contained a sweatshirt and a black glove.

3.

Another officer, Christian Vargas, helped locate Cervantes, who had a small handcuff key in his rear pants pocket. Cervantes said he had a razor in his pocket, but no razor was found during the search.

The merchandise was located inside a backpack on the side of Marshalls and returned to Rodriguez. The value of the merchandise was $63.

## DISCUSSION

### *Sentencing Background*

Prior to sentencing, Cervantes filed a statement in mitigation, requesting to strike at least one of his two prior strikes pursuant to *Romero*, and to dismiss at least one of his two prior serious felonies pursuant to section 1385, subdivision (c). In the statement, Cervantes argued the following circumstances in mitigation: he exercised caution to avoid harm to persons or damage to property, the amount taken was deliberately small, and no harm was done or threatened against Rodriguez (rule 4.423(a)(6)). Cervantes alleged he was motivated by a desire to provide necessities for himself or his family (rule 4.423(a)(8)). He also alleged he was suffering from a mental or physical condition that reduced culpability for the crime, namely substance abuse (rule 4.423(b)(2)), that he experienced childhood trauma and it was a factor in the commission of the crime (rule 4.423(b)(3)), and that the current offense was connected to his childhood trauma (rule 4.423(b)(4)).

Cervantes argued that the trial court should exercise its discretion to strike at least one of the strike priors (*Romero*), and both prior serious felony enhancements (§ 667, subd. (a)), pursuant to section 1385. Cervantes argued the two five-year priors imposed pursuant to section 667, subdivision (a) should be struck because the circumstances in section 1385, subdivisions (c)(2)(E) ("the current offense is connected to prior victimization or childhood trauma") and (c)(2)(H) ("The enhancement is based on a prior

4.

conviction that is over five years old") existed, and dismissal would not endanger public safety, given the nature and characteristics of the offenses and the totality of the circumstances.

At the beginning of the sentencing hearing, the court indicated it had reviewed Cervantes's sentencing statement and asked the parties if there was anything further beyond what was in the moving papers. The parties addressed Cervantes's contentions regarding childhood trauma and his criminal history. The court made the following findings:

> "While I recognize what the defense has provided, and, [defense counsel], you have really gone above and beyond in your presentation, in your writing, speaking with different family members and seeing that there probably was a very tragic childhood, I can't get past the fact in this probation report that we see a criminal history starting in 2012 and continue until just the last time he was arrested. And while I recognize that he has previously succeeded on PRCS, we cannot set aside the fact that he was on PRCS at the time that this occurred.

> "What I see is -- you know, we see the two strikes back in 2013 and two years CDCR. Then later in 2013 he was sentenced to four years in CDCR for sales, possession for sales. An ongoing pattern of variable theft type charges, misdemeanor violent behavior. We see theft of a vehicle in 2019, four more years in CDCR. 2020, more misdemeanor behavior. 2020, misdemeanor behavior in custody. 2022, again a visit to CDCR for auto theft.

> "The prosecutor's words are also well taken. Mr. Cervantes has had a number of opportunities to reform. There is reformation processes in prison. There is reformation processes once somebody gets out of prison. Those abilities are there. Mr. Cervantes has not taken advantage of those opportunities.

> "And to say well, this time is different ...."

### *Refusal to Strike One of More Prior Strikes*

Cervantes argues that the trial court erred in failing to strike at least one of his prior strikes. We disagree.

*Three Strikes Law*

" '[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders.' [Citation.] To achieve this end, 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

Section 1385, subdivision (a) authorizes a trial court to dismiss an action "in furtherance of justice." (§ 1385, subd. (a).) In *Romero*, our Supreme Court held that a court's discretion under section 1385, subdivision (a) includes the power to dismiss a prior conviction alleged under the Three Strikes law. (*Romero, supra,* 13 Cal.4th at pp. 529–530.) Section 1385, subdivision (a) allows a court to "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) Section 1385 states, "[t]he reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes ...." (§ 1385, subd. (a).) However, "no similar requirement applies when a court declines to strike a prior [strike conviction]." (*In re Large* (2007) 41 Cal.4th 538, 550.)

*Romero* also held that a trial court's discretion to dismiss a prior conviction alleged under the Three Strikes law "is limited" and "must proceed in strict compliance with section 1385[,subdivision (a)]." (*Romero, supra,* 13 Cal.4th at p. 530.) The lower court must determine whether "in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed

6.

outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra,* 17 Cal.4th at p. 161, see *People v. Strong* (2001) 87 Cal.App.4th 328, disapproved on other grounds by *People v. Dain* (2025) 18 Cal.5th 246, 259 [The "spirit" of a law refers to the general meaning or purpose of the law].) The circumstances "must be 'extraordinary ... by which a career criminal can be deemed to fall outside the spirit of' " the Three Strikes scheme. (*Carmony, supra,* 33 Cal.4th at p. 378.)

The sentence imposed by the trial court is, itself, a factor when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated. (*People v. Gaston* (1999) 74 Cal.App.4th 310, 315, disapproved on other grounds by *People v Dain, supra,* 18 Cal.5th at p. 259.) Also, the extent of a defendant's criminal record is "undeniably relevant" to the factors outlined in *Williams.* (*People v. Garcia* (1999) 20 Cal.4th 490, 498, 501–502.)

Abuse of discretion in failing to strike a prior conviction may occur where the trial court is not aware of its discretion, considers impermissible factors, or fails to consider relevant ones. (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1141; *People v. Dryden* (2021) 60 Cal.App.5th 1007, 1029.) "Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the [T]here [S]trikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' " (*Romero, supra,* 13 Cal.4th at p. 531.) Discretion is abused if a court dismisses a prior strike conviction for judicial convenience, to relieve court congestion, or simply because the defendant pleaded guilty. (*Ibid.*) Additionally, considering the defendant's criminal history alone is " 'incompatible with the very nature of sentencing discretion.' " (*In re Saldana* (1997)

57 Cal.App.4th 620, 626; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 981.)

It is the defendant's burden to provide the trial court with evidence to support his *Romero* motion. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

A trial court does not abuse its discretion unless its decision is "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra,* 33 Cal.4th at p. 377.) "[T]he presence of mitigating evidence is not enough to render the trial court's decision an abuse of discretion." (*People v. Bernal* (2019) 42 Cal.App.5th 1160, 1170.) Where " 'the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Carmony*, at p. 378.)

*Analysis*

Cervantes contends the trial court abused its discretion in denying his *Romero* motion as it did so "based solely on [Cervantes's] criminal history", and did not take into consideration that he did not personally use a weapon in his current offense; that the instant crime "appeared to involve" Cervantes "providing for necessities of living"; his current offense was a "de minimum *Estes* robbery"[4]; both of his prior strikes were based on residential burglary "committed when he was a teenager" in a "single spree"; and his other prior offenses were neither serious nor violent. We find no abuse of discretion on the part of the trial court.

At the outset of the sentencing hearing, the trial court noted defense counsel had previously asked for a continuance to file a sentencing statement, which the court had "received" and "reviewed." The court then invited input from the parties beyond what

---

[4]    Referring to *People v. Estes* (1983) 147 Cal.App.3d 23, 26, in which force or fear is not used in a robbery until the perpetrator has already taken the property.

was included in the moving papers. After hearing from the parties and prior to pronouncing sentence, the trial court noted defense counsel's efforts, that he had "really gone above and beyond in your presentation," had spoken to Cervantes's family members, and acknowledged what "probably was a very tragic childhood." The trial court then noted Cervantes was on post release supervision since October of 2023 and committed the instant offense just a few months later in January of 2024. The trial court further noted that Cervantes had not taken advantage of numerous opportunities to reform, but instead had a string of incarcerations since 2012, when he became an adult. The probation report indicated that Cervantes's longest gap between crimes occurred from 2013, when he was committed to four years in prison, to an offense committed in 2019.

While Cervantes claims his two prior strikes were committed when he was a "teenager" in a "single spree," the record indicates the prior strike burglaries occurred two months apart, one when he was three months shy of his 19th birthday and the second just a few weeks shy of his 19th birthday — thus negating his allegation that he was very young and that the burglaries occurred in a single spree. The record is replete with rap sheets showing Cervantes lengthy criminal history, his failures to appear for court, and failure on community services, all before committing the instant offense. In other words, Cervantes's offenses and incarcerations have been uninterrupted since he has been an adult, and he has made no effort at rehabilitation despite opportunities to do so.

The trial court's statement explaining the factors it considered when denying the *Romero* motion shows the court understood its discretion to dismiss Cervantes's prior strike or strikes and that its decision to deny the motion was not " ' "arbitrary, capricious or patently absurd." ' " (See *Carmony, supra,* 33 Cal.4th at p. 378.) Further discussion of Cervantes's background, character, drug use, and prospects was unnecessary, as the court was not obligated to address every aspect of its decision to deny the *Romero* motion in its statement. (See *In re Large, supra,* 41 Cal.4th at p. 551, see also *People v Myers* (1999)

69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."].)

Cervantes has failed to meet his heavy burden of showing the trial court's denial of his *Romero* motion was "so irrational or arbitrary that no reasonable person could agree with it" (*Carmony, supra,* 33 Cal.4th at p. 377) and we reject his claim to the contrary.

### *Refusal to Dismiss One or Both Prior Serious Felony Enhancements*

As noted above, the trial court sentenced Cervantes to 35 years to life in state prison. The sentence consisted of 25 years to life on count 1, plus two five-year serious felony enhancements (§ 667, subd. (a)). Cervantes argues the trial court abused its discretion in declining to strike either of his five-year serious felony enhancements. Finding no abuse of the court's discretion, we affirm.

#### *Section 1385*

Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) amended section 1385 to add subdivision (c). (*People v. Coleman* (2024) 98 Cal.App.5th 709, 723.) Section 1385, subdivision (c)(1) provides that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so[.]" Section 1385, subdivision (c)(2) specifies that "[i]n exercising its discretion" to dismiss an enhancement, "the court shall consider and afford great weight to evidence offered by the defendant to prove" the presence of nine enumerated "mitigating circumstances .... Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement unless the court finds that dismissal of the enhancement would endanger public safety."

The enumerated mitigating factors include, as relevant here, that (1) "[m]ultiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed" (§ 1385, subd. (c)(2)(B)); (2) "[t]he current offense is connected to prior victimization or childhood trauma" (§ 1385, subd. (c)(2)(E); (3) "[t]he current offense is not a violent felony as defined in subdivision (c) of section

667.5" (§ 1385, subd. (c)(2)(F)); and (4) "[t]he enhancement is based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H)).

"[I]f the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' [Citation.]" (*People v. Walker* (2024) 16 Cal.5th 1024, 1029.)

### *Standard of Review*

We review a trial court's decision whether to dismiss or strike an enhancement under section 1385 for abuse of discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490.) "A trial court may abuse its discretion where 'its decision is so irrational or arbitrary that no reasonable person could agree with it,' 'where the trial court was not "aware of its discretion" ' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss.' " (*Ibid.*)

### *Analysis*

Cervantes contends the trial court abused its discretion in finding there was no justification to strike either five-year serious felony enhancement. He argues that the court failed to apply section 1385, subdivision (c)(2), by disregarding evidence of four enumerated mitigating factors—specifically, that multiple enhancements were alleged, his childhood trauma, that the current offense was nonviolent, and that the convictions were over five years old. (§ 1385, subd. (c)(2)(B), (E), (F) & (H).)

We disagree. The record here supports the conclusion that the trial court understood its discretion to dismiss the section 667, subdivision (a) serious felony enhancements.[5] Defense counsel argued for dismissal, highlighting Cervantes's

---

[5] Sometimes informally called "nickel priors."

childhood trauma and the "nonviolent" nature of the current offense. In sentencing Cervantes, the trial court took into consideration factors in mitigation (including, specifically, that "[t]he enhancement is based on a prior conviction that is over five years old") as well as factors in aggravation.

Because "all intendments and presumptions are indulged in favor of [the] correctness" of the trial court's order (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133), we presume that the court was aware of the applicable law, gave great weight to the relevant mitigating circumstances, and declined to dismiss the prior serious felony enhancements due to countervailing factors. Here, in imposing the section 667, subdivision (a) enhancements, we find no failure on the trial court's part to give the section 1385, subdivision (c)(2) factors appropriate weight. We cannot say the trial court abused its discretion in declining to dismiss the prior serious felony enhancements where Cervantes had led a long life of crime nearly continuously since he turned 18, had made no effort at rehabilitation, and had failed at community supervision. The trial court was well aware of Cervantes's background, the nature and circumstances of the present offense, and when prior offenses occurred. That reasonable minds might differ from the court's careful balancing of the totality of the information before it is not sufficient to find an abuse of discretion or warrant reversal. (*People v. Carmony, supra*, 33 Cal.4th 377.)

## DISPOSITION

The judgment is affirmed.